UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM DARNELL COLLIER, #303214,

        Petitioner,

                                        CASE NO. 2:14-CV-13827
v.                                    HONORABLE LAWRENCE P. ZATKOFF

RANDALL HAAS,

        Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
FOR STAY AND ABEYANCE, STAYING THE PROCEEDINGS,
AND ADMINISTRATIVELY CLOSING THE CASE**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner William

Darnell Collier ("Petitioner") was convicted of three counts of first-degree criminal sexual conduct,

MICH. COMP. LAWS § 750.520b(1)(f), and one count of unlawful imprisonment, MICH. COMP. LAWS

§ 750.349(b), following a jury trial in the Kalamazoo County Circuit Court.  He was sentenced, as

a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 25 to 60 years

imprisonment on those convictions in 2010.

In his habeas petition, Petitioner raises claims concerning the denial of a mistrial motion and

the effectiveness of trial and appellate counsel.  The matter is before the Court on Petitioner's

motion for stay and abeyance so that he can return to state court to exhaust his remedies on an

additional "*Missouri v. Frye*" issue.  Petitioner states that he has not previously exhausted the issue

because it is based upon newly-discovered evidence and because counsel was ineffective.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their

claims as federal constitutional issues in the state courts before raising those claims in a federal

habeas petition.  28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d).  The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review.  Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.  *O'Sullivan*, 526 U.S. at 845.  To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review.  *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process by which Petitioner may raise his

unexhausted claim.  For example, he may file a second motion for relief from judgment in the state

trial court pursuant to Michigan Court Rule 6.500 *et seq.,* and then appeal the trial court's decision

to the state appellate courts as necessary.  Petitioner's unexhausted claim should first be addressed

to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present

unexhausted claims to the state courts in the first instance and then return to federal court on a

perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only

in "limited circumstances" such as when the one-year statute of limitations applicable to federal

habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure

to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not

"plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics.  *Id*. at 277.

In this case, Petitioner shows the need for a stay.  He wishes to pursue a new claim based

upon *Missouri v. Frye*, _U.S. _, 132 S. Ct. 1399 (2012) (right to effective assistance of counsel

extends to plea bargaining process and defense counsel has duty to communicate formal plea offers

to defendant before they expire), which has not been unexhausted in the state courts.  The one-year

limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), may pose a problem

if the Court were to dismiss the petition to allow for further exhaustion of state remedies.

Additionally, Petitioner alleges that the claim is based upon newly-discovered evidence and counsel

was ineffective, which may provide good cause.  The unexhausted claim also concerns a matter of

federal law which does not appear to be plainly meritless.  Lastly, there is no evidence of intentional

delay.  The Court shall therefore stay the proceedings and hold the petition in abeyance pending

Petitioner's exhaustion of state court remedies as to his additional claim(s).

Accordingly, the Court **GRANTS** Petitioner's motion for stay and abeyance and **STAYS** the proceedings.  The stay is conditioned on Petitioner presenting his unexhausted claim(s) to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court. *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be dismissed. The Court makes no determination as to the procedural or substantive merits of Petitioner's claims. Lastly, the Court **CLOSES** this case for administrative purposes.

      **IT IS SO ORDERED**.

                                         S/Lawrence P. Zatkoff
                                         LAWRENCE P. ZATKOFF
                                         UNITED STATES DISTRICT JUDGE

Dated:  December 5, 2014